**SO ORDERED.**

**SIGNED February 14, 2012.**



———————————————————
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**
_____

```
            UNITED STATES BANKRUPTCY COURT
             WESTERN DISTRICT OF LOUISIANA
              LAFAYETTE-OPELOUSAS DIVISION

IN RE:

SHANNON JUDE WILKERSON,                    CASE NO. 08-60060

    Debtor                                 Chapter 7

-----------------------------------------------------------------
PAUL N. DEBAILLON, TRUSTEE,

    Plaintiff

VERSUS                                     ADVERSARY NO. 09-5045

SHANNON JUDE WILKERSON,

    Defendant

-----------------------------------------------------------------
                       MEMORANDUM RULING
-----------------------------------------------------------------
```

This is an action to revoke the discharge of Shannon Jude Wilkerson (the "Debtor") pursuant to 11 U.S.C. § 727(d)(1) filed by Paul N. Debaillon, the duly-appointed Chapter 7 trustee (the "Trustee"). The court took this case under advisement following a

trial on the merits. As explained further below, the court rules that the Debtor's discharge should be revoked under section 727(d)(1).

## JURISDICTION

This case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). These Reasons for Decision constitute the court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## BACKGROUND

The crux of this case is whether the Debtor obtained his discharge through fraud by failing to disclose a safe deposit box with approximately $70,000 of cash. The Debtor was primarily in the business of owning and managing nightclubs, and handled significant amounts of cash in connection with his business. The Debtor first filed for relief under Chapter 11 of the Bankruptcy Code in June 2003. That case was subsequently dismissed in June 2005 without the Debtor receiving a discharge. (Trial Exhibit No.

22) The dismissal order provided that the Debtor was barred from filing for relief under any chapter of the Bankruptcy Code for a period of two (2) years. On January 21, 2008, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. The Debtor received a Chapter 7 discharge on February 13, 2009. Several of the Debtor's business entities have also filed for relief under the Bankruptcy Code.

The Debtor filed his required schedules in connection with his 2003 Chapter 11 case and his 2008 Chapter 7 case. Question number 12 of the Debtor's Statement of Financial Affairs ("Question 12") required him to identify "each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case." (Trial Exhibit Nos. 23, 25) The Debtor's response to this question was "none" with respect to the Statement of Financial Affairs filed in his 2003 and 2008 cases. Contrary to these representations, the record reflects that the Debtor had two safe deposit boxes with Whitney Bank at the time he filed his schedules in both bankruptcy cases. The first safe deposit box was initially rented in January 1994, and the second safe deposit box was initially rented in January 1997. (Trial Exhibit No. 1) The Debtor testified that he used the boxes for "cash savings," and to store cash for business deals. He testified

-3-

that he liked to see his savings in the form of cash as opposed to an entry on a bank statement. The Debtor testified that he frequently accessed the boxes prior to 2000. Whitney Bank's access records for both safe deposit boxes show that the last time the boxes were accessed by the Debtor was in 2000. (Id.)

In June 2006, Whitney Bank sent the Debtor "drill notices" stating that the rent for the two boxes was delinquent. These drill notices were apparently sent to the business address of one of the Debtor's clubs that had previously closed. The Debtor testified that he did not receive the notices. On March 18, 2008, Whitney Bank opened the two safe deposit boxes after it received no response from the Debtor. One of the safe deposit boxes contained $70,000 in cash. On March 21, 2011, the Debtor pled guilty in federal court to a charge of failing to disclose the safe deposit box containing $70,000 in connection with his 2003 bankruptcy case. In the stipulated facts entered in connection with the Debtor's guilty plea, the Debtor admitted that (1) he was asked whether he had any safe deposit boxes, (2) he "knew he had safe deposit boxes, and had reason to believe they still contained cash," and (3) the Debtor failed to disclose the safe deposit boxes and their contents. (Trial Exhibit No. 21) The Debtor also did not disclose the safe deposit box and cash in the bankruptcy cases filed by his various business entities.

-4-

**DISCUSSION**

11 U.S.C. § 727(d)(1) provides that "the court shall revoke a discharge granted under subsection (a) of this section if ...such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge...." The fraud required for purposes of Section 727(d)(1) "is fraud 'in fact,' such as the intentional omission of assets from the schedules, and must involve intentional wrong." In re Donald, 240 B.R. 141, 146 (1st Cir. BAP 1999) (citing 6 Lawrence P. King, et al., Collier on Bankruptcy ¶ 727.15[2] (5th ed. 1999)). In other words, the Trustee must show "that the debtor's actions or mistakes were knowingly and fraudulently made, and that the mistakes were material...." In re Darby, 376 B.R. 534, 541 (Bankr. E.D. Tex. 2007) Courts have repeatedly found that a debtor's failure to report assets on bankruptcy schedules is sufficient to revoke the discharge under section 727(d)(1). Id.; In re Yonikus, 974 F.2d 901, 904 (7th Cir. 1992). A finding of fraudulent intent "may be based on inferences drawn from a course of conduct...[or] from all of the surrounding circumstances." Darby, 376 B.R. at 540 (quoting Yonikus, 974 F.2d at 905).

The Debtor acknowledges that the safe deposit box and cash were not disclosed and that his response to Question 12 on the

-5-

Statement of Financial Affairs that he filed in this case was false. However, the Debtor contends that his response to Question 12 and his failure to disclose the $70,000 cash was inadvertent and that he had simply "forgotten" about the safe deposit boxes and the cash when he filed his schedules. The Debtor testified that he was suffering from stress and depression at the time he filed his bankruptcy cases in 2003 and 2008, and that his mental condition made it difficult for him to manage his financial affairs. Since his business was largely cash based, Wilkerson had difficulty managing the cash that he regularly handled. The Debtor submitted a psychological report that addresses his mental condition. The Debtor also contends that he could have avoided the 2003 repossession of his car, the 2006 foreclosure of his house, and his bankruptcy filings by accessing the cash in the safe deposit box, and the fact that he did not do so supports his position that he forgot about the existence of the safe deposit box and the cash.

Taking into account the circumstances as a whole and the Debtor's course of conduct from his 2003 case through his 2008 case, the court does not find it credible that the Debtor simply "forgot" about $70,000. The Debtor testified about how he enjoyed seeing his savings in cash, and that he visited the safe deposit box frequently prior to 2000. The Debtor's last visit to the safe deposit box in 2000 coincides with the period when, according to

-6-

the Debtor's testimony, his business started to experience financial problems. Yet, the Debtor did not attempt to access the cash in 2000, 2001, 2002, or 2003 to save his business. Moreover, in connection with his guilty plea, the Debtor admitted that he "knew he had safe deposit boxes, and had reason to believe they still contained cash," at the time he filed his schedules in the 2003 case. Since the Debtor filed that case and his schedules *after* his business began to decline and his car was repossessed in 2003, he cannot rely on these facts to support his claim that he had forgotten about the cash. Nor is the Debtor's argument credible that he subsequently forgot about the safe deposit box and cash when he filed his second case in 2008 – merely 3 years after the 2005 dismissal of his first case. The foreclosure of the Debtor's home in 2006 does not overcome the weight of the evidence, considered as a whole, that the Debtor knew about the safe deposit box and cash at the time he filed his schedules in the 2008 case. The court also notes that the psychological report by Dr. F.T. Friedberg does not support the Debtor's position that any omissions or misstatements in his bankruptcy schedules were the result of his mental condition at the time he filed the schedules. Specifically, the report states that Dr. Friedberg's observations and conclusions were drawn from his examination of the Debtor on March 1, 2011. Dr. Friedberg did not examine the Debtor in or around the time

-7-

period he filed his schedules. Thus, Dr. Friedberg could not opine on the Debtor's mental condition based on a direct examination of the Debtor at the time he filed the bankruptcy schedules in the 2008 case.

In sum, the Trustee has proven by a preponderance of the evidence that the Debtor knew about the safe deposit box and the cash at the time he filed his schedules and answered Question 12 of his Statement of Financial Affairs in connection with the present bankruptcy case. Given the value of the cash in the safe deposit box, the Debtor's omissions and false statement on the Statement of Financial Affairs is material. The court concludes that the Debtor's discharge should be revoked under 11 U.S.C. § 727(d)(1).

### CONCLUSION

For the foregoing reasons, the court finds for the Trustee on his claim under section 727(d)(1) and orders that the Debtor's discharge be revoked. The Trustee shall submit a judgment in conformity with this Memorandum Ruling within 30 days.

###

-8-